**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MARGARET JENKINS-WILLIAMS,**

    **Petitioner,**

v.                                             **Civil action no. 1:05CV1**
                                              **Criminal action no. 1:95CR2**
                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION/OPINION**

**I. PROCEDURAL HISTORY**

On January 3, 2005, the *pro se* petitioner, an inmate at FCI-Tallahassee, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

**A. Conviction and Sentence**

The petitioner was convicted of conspiracy to possess with the intent to distribute dilaudid. On November 3, 1995, she was sentenced to 235 months imprisonment. The petitioner appealed her conviction and sentence. By decision dated March 19, 1997, the Fourth Circuit affirmed her conviction and sentence. United State v. Williams, 108 F. 3d 1375 (4th Cir. 1997).

**B. Federal Habeas Corpus**

In her §2255 motion, the petitioner asserts that she had an offense level of 36 which included a 4 point enhancement for her role in the offense. She asserts she was not an organizer and that her

sentence violates Blakely v. Washington, 524 U.S. 296 (2004). The petitioner requests that the Court readjust her points so that she has a total of 32 points, instead of 36 points.

## II. ANALYSIS

Blakely v. Washington, 524 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ____, 124 S.Ct. at 2537 (citations omitted).

The Supreme Court held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

Moreover, while the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F.

3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned finds that the petitioner is not entitled to have Blakely/Booker applied retroactively to her sentence. Therefore, the petitioner's §2255 motion should be dismissed.

## III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

Dated: July 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE